UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-357-DJH

*Electronically Filed*

SCOTTSDALE INSURANCE COMPANY, and                              PLAINTIFFS
MENTAL HEALTH RISK RETENTION GROUP

v.           **COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT**

SEVEN COUNTIES SERVICES, INC.                                  DEFENDANT

      Serve:    Abbreial Drane, CPA, MBA, Registered Agent
                     President/CEO
                     10401 Linn Station Road
                     Suite 100
                     Louisville, KY 40223
                     *Via Personal Service*

                            \*\*\*    \*\*\*    \*\*\*    \*\*\*    \*\*\*

Come the Plaintiffs, Scottsdale Insurance Company and Mental Health Risk Retention Group, by counsel, and for their Complaint and Petition for Declaratory Judgment ("Complaint") against the Defendant, Seven Counties Services, Inc., state as follows:

PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Scottsdale Insurance Company ("Scottsdale") is a corporation incorporated under the laws of the State of Ohio with a principal place of business at One West Nationwide Blvd., Columbus, OH 43215, and was at all times material and relevant to this Complaint, authorized to sell limited entity-specific insurance within the Commonwealth of Kentucky.

2. Plaintiff Mental Health Risk Retention Group ("MHRRG") is a corporation incorporated under the laws of Vermont with a principal place of business at 159 Bank Street, Burlington, VT  05401, and was at all times material and relevant to this Complaint, authorized to sell liability insurance for behavioral healthcare organizations within the Commonwealth of Kentucky.

3. Upon information and belief, the Defendant, Seven Counties Services, Inc., formerly known as Centerstone of Kentucky, Inc. and SCS Learning, Inc. ("Seven Counties" or "Defendant"), is a Kentucky corporation with a principal place of business at 10401 Linn Station Road, Suite 100, Louisville, KY 40223.

4. This Court has jurisdiction over this action pursuant to 28 USC § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. The Court also has jurisdiction over this action pursuant to 28 USC § 2201, as this action concerns an actual controversy between the parties and arising within the personal jurisdiction of this Court.

6. This Court has venue over this action pursuant to 28 USC § 1391(b)(2) because the events giving rise to the claim of the Defendant, Seven Counties, occurred in Jefferson County, Kentucky, which is within the Louisville Division of this Court.

7. Jefferson County is located within this Court's Louisville jury division.

## FACTS

8. MHRRG and Scottsdale reiterate and adopt each and every allegation set forth in paragraphs 1 through 7 above, as if fully set forth herein.

9. Upon information and belief, Seven Counties is a community mental health organization that offers mental and behavioral health services, substance abuse treatment, and intellectual and developmental disability services.

10. Upon information and belief, nonparty Uspiritus, Inc. ("Uspiritus") is a Kentucky corporation that provides an array of services for children, including psychiatric residential treatment, therapeutic foster care, and adoption services.

11. Upon information and belief, Seven Counties and Uspiritus entered into a Second Amended and Restated Management Services Agreement (the "Management Services Agreement") on or about June 25, 2019, wherein Seven Counties agreed to provide certain management services to Uspiritus. The Management Services Agreement is attached hereto as **Exhibit 1**.

12. Upon information and belief, Uspiritus owns and operates Bellewood Home for Children and Brooklawn Child & Family Services (collectively "Brooklawn"), located at 2125 Goldsmith Lane, Lousiville, Kentucky 40219.

13. Upon information and belief, Brooklawn operates a residential psychiatric treatment facility for children (the "Brooklawn Facility").

14. Upon information and belief, Seven Counties was responsible for certain administrative and management services for the Brooklawn Facility under the terms of the Management Services Agreement.

15. Upon information and belief, the Management Services Agreement has been renewed through the present, subject to certain amendments.

16. At all times relevant and material to this Complaint, the Management Services Agreement between Uspiritus and Seven Counties required Uspiritus to maintain adequate insurance that listed Seven Counties as an additional insured.

17. At all times relevant and material to this Complaint, Uspiritus was insured by Hanover Insurance Company ("Hanover") under Policy Number ZHW A670296 07 (the "Hanover Policy"), effective for the period July 1, 2022 through July 1, 2023. The Hanover Policy is attached hereto as **Exhibit 2**.

18. The Hanover Policy includes Commercial General Liability Coverage and Human Services Professional Liability Coverage with limits of liability of $1,000,000 per occurrence and $3,000,000 per yearly aggregate.

19. Seven Counties is afforded additional insured status under the clear terms of the Human Services Professional Liability Coverage Part of the Hanover Policy.

20. Pursuant to the provisions of the Hanover Policy, the Professional Liability Coverage Part provides coverage to Seven Counties on a primary basis.

21. At all times material and relevant to this Complaint, Seven Counties was insured under MHRRG Policy Number COP0002056, with policy period July 1, 2022 through July 1, 2023 (the "MHRRG Policy"). The MHRRG Policy is attached hereto as **Exhibit 3**.

22. The MHRRG Policy contains a Commercial General Liability Coverage Part written on Form CCL-CGL-3 (12-11), with limits of liability of $1,000,000 per occurrence and $3,000,000 in the aggregate annually.

23. The MHRRG Policy also contains a Professional Liability Coverage Part written on Form CCL-PRO-1 (10-00), with limits of liability of $1,000,000 per claim and $3,000,000 in the aggregate annually.

24. Scottsdale is the claims handling agent for the MHRRG Policy.

25. On or about August 12, 2022, Seven Counties submitted a notice of loss ("Notice of Occurrence") under the MHRRG Policy to Scottsdale and MHRRG arising from the death of a minor child, J.T. ("J.T."), which occurred on or about July 18, 2022, while J.T. was in the care of the Brooklawn Facility (the "Incident"). The Notice of Occurrence is attached hereto as **Exhibit 4**.

26. Because the circumstances of the Incident involved professional services, the Incident triggered application of the Professional Liability Coverage Part of the MHRRG Policy.

27. The Professional Liability Coverage Part of the MHRRG Policy is written on a claims-made and reported basis.

28. At the time that MHRRG and Scottsdale received the Notice of Occurrence, no claim or allegation of wrongful act had been asserted against Seven Counties arising from the Incident.

29. On or about August 24, 2022, and again on November 28, 2022, Scottsdale and MHRRG sent Seven Counties a letter denying the Notice of Occurrence because no claim had been made against Seven Counties and no wrongful act had been identified. The August 24, 2022 Letter, which is identical to the November 28, 2022 Letter, is attached hereto as **Exhibit 5**.

30. On or about September 16, 2022, the Estate of J.T. asserted claims against Uspiritus arising from the Incident in an action entitled *Estate of (J.T.), by and through Co-Administratrices, Michelle Andrews and Misty Andrews v. Uspiritus, Inc. d/b/a Bellewood and Brooklawn*, Civil Action No. 22-CI-4824, Jefferson Circuit Court.

31. No claims were asserted against Seven Counties in the wrongful death action until December 21, 2022, when the Estate of J.T. filed a First Amended Complaint against Seven Counties which asserted claims of (1) wrongful death, (2) negligence, and (3) negligent hiring, training, supervision, and retention arising from the Incident (the "First Amended Complaint"). The First Amended Complaint is attached hereto as **Exhibit 6**.

32. The First Amended Complaint alleges that on July 17, 2022, J.T. was in the care of the Brooklawn Facility, where he was receiving "foster care placement services and/or psychiatric residential treatment services" and "intensive therapeutic support" from Uspiritus. See First Amended Complaint ¶¶ 24-25.

33. On the day of the Incident, the First Amended Complaint asserts "Unknown Individual Defendants, agents or employees of the named Defendants and/or other Unknown Entity Defendants assaulted and physically restrained" J.T., which caused him to suffer "positional asphyxiation rendering him unconscious." Id. at ¶¶ 26-27.

34. The First Amended Complaint continues, alleging that after J.T. was "released from said restraint, he remained unresponsive and was transported by ambulance to the Norton Children's Hospital, where he was later pronounced dead." Id. at ¶ 29.

35. On or about December 15, 2022, Seven Counties confirmed that at the time of the Incident, J.T. was receiving Juvenile Residential Services provided exclusively by Uspiritus.

36. On January 19, 2023, and again on February 20, 2023, Scottsdale and MHRRG sent a letter to Seven Counties advising that there was no coverage for the claims asserted in the First Amended Complaint under the MHRRG Policy because coverage under the Professional Liability Coverage Part is expressly excluded for occurrences arising from the provision of Child Welfare Services, Juvenile Residential Services, or any services provided by Uspiritus. The January 19, 2023 Letter is attached hereto as **Exhibit 7**, and the February 20, 2023 Letter is attached hereto as **Exhibit 8**.

37. Seven Counties responded to the February 20, 2023 Letter on March 2, 2023, asserting that although "[w]e do not dispute [the] conclusion that there is no coverage for the [Incident] under the Policy's Professional Liability Coverage Part," the "circumstances of [the Incident] do not involve or arise out of the provision of behavioral health care services by Seven Counties," thus, the Commercial General Liability Part of the Policy and not the Professional Liability Part was triggered by the Incident. See March 2, 2023 Letter, attached hereto as **Exhibit 9**, p. 1.

38. On April 13, 2023, Scottsdale and MHRRG sent a supplemental coverage position letter to Seven Counties reaffirming their previous position that the Incident involved professional services and was, accordingly, excluded from the Commercial General Liability Part of the MHRRG Policy. The April 13, 2023 Letter is attached hereto as **Exhibit 10**.

39. The April 13, 2023 Letter also affirmed that the allegations contained in the First Amended Complaint did not trigger coverage under the Professional Liability Coverage Part of the MHRRG Policy because they involved services that were expressly excluded from coverage. See id.

40. In advance of a mediation scheduled for May 11, 2023, Scottsdale and MHRRG sent a second supplemental coverage position letter to Seven Counties that was dated May 4, 2023, and that advised Seven Counties to "pursue the primary insurance coverage afforded to it by Hanover Insurance Group, Inc." See May 4, 2023 Letter, attached hereto as **Exhibit 11**, p. 1.

41. The parties to the wrongful death action engaged in mediation on or about May 11, 2023.

42. The mediation resulted in a global settlement of the wrongful death action, with Seven Counties and Uspiritus splitting the settlement amount ("Settlement Amount").

43. Upon information and belief, Hanover paid Uspiritus' portion of the Settlement Amount pursuant to the definitions, terms, provisions, and endorsements of the Hanover Policy.

44. Upon information and belief, Seven Counties entered into a settlement agreement which released any and all claims arising from the Incident it may have against Uspiritus and Hanover (the "Settlement Agreement").

45. Upon information and belief, the Settlement Agreement reserved Seven Counties' right to pursue reimbursement of its portion of the Settlement Amount from MHRRG and/or Scottsdale under the terms of the MHRRG Policy.

## PERTINENT PROVISIONS OF THE MHRRG POLICY, THE MANAGEMENT SERVICES AGREEMENT, AND THE HANOVER POLICY

46. Scottsdale and MHRRG reiterate and adopt each and every allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. The Commercial General Liability Part of the MHRRG Policy reads, in pertinent part:

> **Section I—COVERAGES**
>
> > **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> >
> > . . .
> >
> > **2. Exclusions**
> >
> > > This insurance does not apply to:
> > >
> > > . . .
> > >
> > > **s. Professional**
> > >
> > > > "Bodily injury" or "property damage" due to the rendering or failure to render any professional service.

[MHRRG Policy, Ex. 3, Commercial General Liability Coverage Form CCL-CGL-3 (12-11), p. 1.]

48. The Professional Liability Part of the MHRRG Policy reads, in pertinent part, as follows:

> **Section I—COVERAGE**
>
> > **INSURING AGREEMENT**
> >
> > We will pay those sums that the insured becomes legally obligated to pay as **DAMAGES** because of injury as a result of a **WRONGFUL ACT**. This insurance applies to injury only if **CLAIM** for **DAMAGES** because of the

injury is first made against the insured during the **POLICY PERIOD** or any Extended Reporting Period, if applicable.

This insurance does not apply to injury caused by a **WRONGFUL ACT** which was committed before the Retroactive Date shown in the Declarations or which occurs after the **POLICY PERIOD**.

A. A **CLAIM** by a person or organization seeking **DAMAGES** will be deemed to have been made when notice of such **CLAIM** is received and recorded by any insured or by us, whichever comes first.
B. All **CLAIMS** arising out of the same **WRONGFUL ACT** shall be considered as having been made at the time the first **CLAIM** is made.

. . .

**SECTION II—Exclusions**

This insurance does not apply:

. . .

D. To injury arising out of a criminal act by any insured[.]

. . .

**SECTION III—WHO IS AN INSURED**

. . .

Each of the following is also an insured:

A. Your employees and volunteers, but only for acts within the scope of their employment by you.
B. Physicians, whether salaries or contracted by you, are insureds under this Coverage Part with respect to any **CLAIMS** arising from the rendering or failure to render professional services to your patients. Coverage for physicians shall apply in excess over any other valid and collectible insurance.

. . .

**SECTION VII—DEFINITIONS**

. . .

G. **WRONGFUL ACT(S)** means any act, error or omission in the furnishing of professional health care services.  It includes the furnishing

of food, beverages, medications or appliances in connection with those services.

[Id. at Professional Liability Coverage Form CCL-PRO-1, pp. 1-6.]

49. The Commercial General Liability Part of the MHRRG Policy is modified by the provisions contained in Endorsement No. 8 (the "Endorsement"), which reads, in pertinent part, as follows:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**LIMITATION OF SERVICES ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**PROFESSIONAL LIABILITY COVERAGE PART**

1. This insurance does not apply to:

    a. The following services:
        i. Foster Care Services;
        ii. Child Welfare Services;
        iii. Family Preservation Services;
        iv. Juvenile Residential Services; or
        v. Any services provided by Uspiritus.

    b. Any **WRONGFUL ACT** of any employee, or any insured providing services listed in a. above.  However, this exclusion does not apply to incidental Forster Care Case Management Services provided by employees of the Named insured or on a short-term emergency basis as support for a Uspiritus shortage.

        . . .

2. Specific to the exception to exclusion 1.b. above:

This insurance is excess over any other valid and collectible insurance available to any insured for a loss we cover.  This insurance is specifically excess over any coverage whereby the Named Insured has Additional Insured status under insurance provided by or issued to Uspiritus.

[Id. at Endorsement No. 8.]

50. The Management Services Agreement between Uspiritus and Seven Counties contains the following, pertinent provisions:

> **12.1 Uspiritus Required Insurance**. . . . Uspiritus shall, at the Uspiritus's sole cost and expense, obtain and maintain with commercial carriers reasonably acceptable to Manager, appropriate insurance coverage, including but not limited to, . . . (b) professional liability, including but not limited to Operations, outpatient services, clinics, employed physicians and other patient care or resident care activities in the minimum amount of $1,000,000 per occurrence and $3,000,000 in the aggregate; . . . (d) comprehensive general liability insurance providing coverage for bodily injury and property damage arising in connection with Uspiritus's Operations in the minimum amount of $1,000,000 per occurrence and $3,000,000 in the aggregate; . . . and (g) umbrella/excess liability insurance policies, the limits of which shall not be less than $2,000,000.
>
> **12.2 Additional Insured; Other Terms**. All insurance maintained by Uspiritus pursuant to Section 12.1 shall (a) except for workers' compensation insurance, name Manager, its directors, officers, employees and agents as additional insureds; (b) provide that no cancellation thereof or material change therein shall be effective until at least thirty (30) days after receipt by Manager of written notice to such effect; and (c) be satisfactory in all respects to Manager. No later than thirty (30) days following the execution of this Agreement and thirty (30) days following the end of each policy year, Uspiritus shall give to Manager a copy of the endorsements naming Manger as an additional insured. Such insurance policies shall contain endorsements which reflect the primary liability of Uspiritus's insurance carrier for all covered losses provided for herein, notwithstanding any insurance which may be maintained by Manager or any affiliate of Manager. Uspiritus hereby waives any right of contribution against Manager (including its affiliates and their directors, officers, and employees) with respect to the loss covered under such policies (or with respect to deductibles thereunder) against Manager or any of Manager's insurance carriers. The right of Manager to invoke the protection of such policies shall be severable form and independent of Uspiritus's rights.

[Management Services Agreement, Ex. 1, pp. 11-12.]

51. Though Seven Counties is not expressly named as an insured or additional insured under the Hanover Policy, the Hanover Policy's Human Services Professional Liability Coverage Part states, in pertinent part:

**SECTION III—Who Is an Insured or Additional Insured**

>   . . .
>
>   C. A person or organization with whom you agreed in a written contract, written agreement or permit to provide insurance, is an Additional Insured only with respect to liability for "damages" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf, in the performance of your professional services as a human services organization for that Additional Insured.
>   However, the insurance afforded to such Additional Insured only applies:
>     1. To the extent permitted by law;
>     2. If the "claim" against the Additional Insured arises out of a "wrongful act" to which this insurance applies; and
>     3. The "wrongful act" must take place subsequent to the execution of the written contract or written agreement or the issuance of the permit.
>
>   The insurance afforded to such additional insured will not be broader than the insurance which you are required to provide by the written contract, written agreement or permit for such additional insured.
>   The Additional Insured's status as an Additional Insured ends when your professional services for that additional insured are completed. The most we will pay on behalf of the additional insured for a covered claim is the lesser of the amount of insurance:
>     4. Required by the written contract, written agreement or permit; or
>     5. Available under the applicable Limits of Insurance shown in the Declarations.
>
>   This Section does not apply to any person or organization included as an insured by an endorsement issued by us and made part of this Coverage Part.
>   No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

[Hanover Policy, Ex. 2, Human Services Professional Liability Coverage Form 421-0542 06 18, p. 8.]

52.   Seven Counties is an "additional insured" under the terms of the Hanover Policy. [See id.]

53. The Hanover Policy defines "claim" as "[a] written demand for 'damages'" or "[a] 'suit' against an insured for a 'wrongful act' to which this insurance applies." [Id. at Section VI(C), p. 12.]

54. The Hanover Policy defines "wrongful act" as "any actual or alleged negligent act, error, omission or breach of duty in the rendering of or failure to render professional services to others, including counseling services, educational instruction and teaching, in your capacity as a human services organization, including the furnishing of food, beverages, medications or appliances in connection therewith." [Id. at (P), p. 13.]

## COUNT I: DECLARATION OF RIGHTS UNDER MHRRG POLICY

55. MHRRG and Scottsdale hereby incorporate by reference paragraphs 1 through 54 above as if fully set forth herein.

56. The matters set forth herein constitute an actual controversy between the parties pursuant to the Declaratory Judgment Act, 28 USC § 2201.

57. MHRRG and Scottsdale intend to and reserve their right to rely on each and every provision of the MHRRG Policy and/or Endorsement issued to Seven Counties.

58. Based on the facts underlying the Incident, Seven Counties is not entitled to any insurance coverage under the terms, definitions, provisions, conditions, exclusions, and endorsements of the Commercial General Liability Part of the MHRRG Policy.

59. Based on the facts underlying the Incident, Seven Counties is not entitled to any insurance coverage under the terms, definitions, provisions, conditions, exclusions, and endorsements of the Professional Liability Part of the MHRRG Policy.

60. MHRRG and Scottsdale are entitled to a declaration of rights between the parties confirming that no insurance coverage is provided to Seven Counties under the terms, definitions, provisions, conditions, exclusions, and endorsements of the MHRRG Policy.

## COUNT II: DECLARATION OF RIGHTS UNDER MANAGEMENT SERVICES AGREEMENT AND HANOVER INSURANCE POLICY

61. MHRRG and Scottsdale hereby incorporate by reference paragraphs 1 through 60 above as if fully set forth herein.

62. The matters set forth herein constitute an actual controversy between the parties pursuant to the Declaratory Judgment Act, 28 USC § 2201.

63. Based on the terms and provisions of the Management Services Agreement in conjunction with the terms, definitions, provisions, conditions, exclusions, and endorsements of the Hanover Policy, Seven Counties was an Additional Insured under the Hanover Policy.

64. Based on the terms and provisions of the Management Services Agreement in conjunction with the terms, definitions, provisions, conditions, exclusions, and endorsements of the Hanover Policy and the MHRRG Policy, the Hanover Policy provided insurance to Seven Counties on a primary basis and the MHRRG Policy provided insurance to Seven Counties on an excess basis.

65. MHRRG and Scottsdale are entitled to a declaration of rights between the parties confirming that Seven Counties was an Additional Insured under the Hanover Policy, which provided insurance to Seven Counties on a primary basis.

**WHEREFORE**, Plaintiffs, Scottsdale Insurance Company and Mental Health Risk Retention Group, by counsel, respectfully request the following relief:

1. A Declaration of Rights under Policy Number COP0002056, issued by Mental Health Risk Retention Group to Seven Counties Services, Inc., that no coverage is provided to Seven Counties Services, Inc. for the Incident under any or all of the terms, definitions, provisions, conditions, exclusions, and endorsements of Policy Number COP0002056;

2. A Declaration of Rights under the Management Services Agreement and Policy Number ZHW A670296 07, issued by Hanover Insurance Company to Uspiritus, Inc., that Seven Counties Services, Inc. was insured thereunder on a primary basis;

3. Its attorneys' fees, costs, and expenses incurred herein; and

4. Any and all other relief to which it may be entitled.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1380
(859) 231-3000
(859) 253-1093 facsimile


By: /s/ Palmer G. Vance II
    Palmer G. Vance II
    Lilian M. Williams

COUNSEL FOR PLAINTIFFS,
SCOTTSDALE INSURANCE COMPANY AND
MUTUAL HEALTH RISK RETENTION GROUP

*4895-5994-2767.1*