UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SCOTTSDALE INSURANCE COMPANY
and MENTAL HEALTH RISK RETENTION
GROUP,                                                                      Plaintiffs/Counter Defendants,

v.                                                                           Civil Action No. 3:23-cv-357-DJH-CHL

SEVEN COUNTIES SERVICES, INC.,                               Defendant/Counter Claimant.

\* \* \* \* \*

# MEMORANDUM AND ORDER

Plaintiffs Scottsdale Insurance Company and Mental Health Risk Retention Group (MHRRG) sued Defendant Seven Counties Services, Inc., seeking a declaration of rights under the MHRRG policy, the Management Services Agreement, and the Hanover Insurance Policy. (Docket No. 1, PageID.14–16)  The parties each move for summary judgment.  (D.N. 33; D.N. 34)  The parties' motions, however, do not address whether this matter is appropriate for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Courts consider five factors when determining whether to exercise jurisdiction under the Act, including

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata[";] (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk Western R.R. v. Consolidated Rail Corp.*, 746 F.2d 323, 236 (6th Cir. 1984).  The Court therefore requires supplemental briefing.  Accordingly, it is hereby

1

**ORDERED** as follows:

(1) The plaintiffs **SHALL** file a supplemental brief within **twenty-one (21) days** of entry of this Order. Seven Counties **SHALL** file a response within **twenty-one (21) days** of the filing of the plaintiffs' supplemental brief. The supplemental brief and response shall be limited to addressing the *Grand Trunk* factors, particularly in light of the plaintiffs' request for a coverage determination under the Hanover Policy, which is an insurance policy between parties not before this Court. The briefs shall not exceed fifteen (15) pages.

(2) The parties' motions for summary judgment (D.N. 33; D.N. 34) are **ADMINISTRATIVELY REMANDED**, to be restored by subsequent order after the filing of the supplemental brief and response.

March 24, 2025

David J. Hale, Judge
United States District Court